#4400

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DONALD P. MCCASKEY | CIVIL ACTION NO. |
|---|---|
| vs.<br><br>SAM ELLIOTT, LEONARD'S EXPRESS, INC., LEONARD'S TRANSPORTATION, INC., PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION | 17    1014 |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendants Sam Elliott, Leonard's Express, Inc. and Leonard's Transportation, Inc., hereby give notice of removal of this action from the Court of Common Pleas for Philadelphia County, January Term 2017, No. 4722, to the United States District Court for the Eastern District of Pennsylvania and further request upon completion of this removal that this matter be transferred to the United States District Court for the Middle District of Pennsylvania and in support thereof aver as follows:

1. This action was commenced via the filing of a Complaint on February 2, 2017. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A."**

2. Service of the Complaint was effectuated upon Defendants Leonard's Express, Inc. and Leonard's Transportation, Inc. on February 9, 2017.

3. Service of the Complaint was effectuated upon Defendant Sam Elliott on February 9, 2017.

4. According to the Complaint, Plaintiff resides at 461 East Apache Trail, #73, Apache Junction, Arizona 85120.

5. Defendant Sam Elliott, per the Complaint, resides at 2718 North West Street, Wilmington, Delaware 19802.

6.      Defendants Leonard's Express, Inc. and Leonard's Transportation, Inc., per the Complaint, are located at 6070 Collett Road, Building #1, Farmington, New York 14425.

7.      Defendants Leonard's Express, Inc. is a citizen of New York, and is a corporation organized and existing under the laws of the State of New York with a principal place of business in the State of New York.

8.      Defendant Leonard's Transportation, Inc. was a citizen of New York and was a corporation organized and existing under the laws of the State of New York with a principal place of business in New York.  As of January 1, 2016, Leonard's Transportation, Inc. is an inactive business entity.

9.      Defendants Penske Truck Leasing Co., L.P. and Penske Truck Leasing Corporation, per the Complaint, are located at 4000 Cline Avenue, East Chicago, Indiana 46312.

10.     Defendant Penske Truck Leasing Co., L.P. is a citizen of Pennsylvania and is a limited partnership organized and existing under the laws of Pennsylvania with a principal place of business in Pennsylvania.

11.     Defendant Penske Truck Leasing Corporation is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in the State of Michigan.

12.     The Complaint alleges Plaintiff was involved in a motor vehicle accident on February 8, 2015, while "travelling in a southbound direction on I-81, in Silver Spring Township, Cumberland County, Pennsylvania."  Id. at ¶12, 15.

13.     As a result of the aforesaid accident, Plaintiff claims "serious physical injuries" as well as "destruction and damage to his personal property which was being transported . . . as the purpose of [Plaintiff's] trip was to relocate from New York to Arizona."  Id. at ¶16.

14.     Plaintiff's Complaint sounds in six counts alleging negligence theories.

15.     Plaintiff claims the following physical injuries as a result of this accident: "closed

head injury, left leg pain, left knee injury, low back pain radiating into the legs, injury to the

lumbar discs, including foraminal disc extrusions at the L1-L2 and L2-L3 discs, contusions and

abrasions . . ." Id. at ¶24.

16.     Plaintiff claims the following property was destroyed, damaged or otherwise

could not be salvaged as a result of this accident:

```
New  Tempur-Pedic  queen  sized  deep  foam
mattress
Electronic piano tuner and tuning wrench
Verizon flip phone with spare battery and
case
Extensive collection of approximately 6,000
DVDs
Barcalounger reclining and swivel chair
Fifteen (15) folding tables
IPad 'Air' tablet
New Hewlett Packard computer
New ASUS computer
Pancake air compressor
200 AMP better charger
Two (2) rechargeable Wahl shavers
Two (20  pair of prescription glasses
Thompson   Chain   Reference   Bible   [which
plaintiff had for forty years]
New Thompson Bible
Two (2) wind-up chiming clocks
Bose AM/FM remote speakers
Two  (2)  large  plastic  cases  containing
sealed    bottles    of    vitamin/mineral
supplements
Many specialized tools for truck and motor
vehicle repair in tool boxes
New VCR recorder
New stop motion property surveillance and
protection system with four (4) cameras
YAESU 101 B-Ham radio transceiver set up
for worldwide transceiving
Drake 2000 watt wattmeter and SWR bridge
Four (4) Michelin 750x16 tubeless tires
Approximately  twelve  (12)  Olympus  #7200
digital recorders containing irreplaceable
information
Two (2) Bird RF wattmeters
New   stainless   steel   water   distillation
system
Various   pieces   of   tape   duplication
equipment to be used in ministry work
New 3500 watt electrical generator
100 feet of nylon tow rope with extricating
chains


Three (3) video cameras with accessaries
Other personal property
```

Id. at ¶38.

17.     If a defendant seeks to remove a pending State court action, it "shall file in the

District Court of the United States for the district and division within which such action is pending a notice of removal . . ." 28 U.S.C. §1446(a).

18. The notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. §1446(b).

19. Pursuant to federal law, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states; [and] (2) citizens of a State and citizens or subjects of a foreign state . . ." 28 U.S.C. §1332(a)(1)-(2).

20. In this case, there is complete diversity of citizenship between the parties, as the Plaintiff is a citizen of Arizona, and the Defendants are citizens of Pennsylvania, New York, Delaware and Michigan.

20. "The general federal rule is to decide the amount in controversy from the complaint itself... The amount in controversy is not measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993).

21. Insofar as Plaintiff asserts substantial personal injuries and economic loss any "reasonable reading of the rights being litigated" in this matter leads to the conclusion the amount in controversy exceeds the federal jurisdictional threshold.

22. Therefore, this Court has original jurisdiction over the action pursuant to 28 U.S.C. §1332. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

23. This action is properly and timely removed pursuant to 28 U.S.C. §1441(a) and in

accordance with the requirements of 28 U.S.C. §1446.

24.     This notice of removal is being filed within thirty days after service of the Complaint and with confirmation and notice that the amount in controversy exceeds $75,000, thereby fulfilling the requirements for invoking the diversity jurisdiction of this Court. 28 U.S.C. §1446(b).

25.     Further, pursuant to 28 U.S.C. § 1446(d), Petitioner/Defendant are, concurrent with the filing of this Petition, providing notice of the removal of this matter to the Court of Common Pleas of Philadelphia County, and to all parties.

26.     Pursuant to 28 U.S.C. § 1404, venue for this action properly lies in the United States District Court for the Middle District of Pennsylvania and not the United States District Court for the Eastern District of Pennsylvania.

27.     28 U.S.C. § 1404 provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

28.     An action "may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b).

22.     Here, there is no rational basis for Plaintiff's choice of forum in Philadelphia County as none of the parties reside in Philadelphia and the accident occurred in Cumberland County. See Exhibit "A."

23.     Thus, it is respectfully requested this action be transferred from the United States District Court for the Eastern District of Pennsylvania, upon completion of the instant removal filings, to the United States District Court for the Middle District of Pennsylvania.

WHEREFORE, Petitioners/Defendants Sam Elliott, Leonard's Express, Inc. and Leonard's Transportation, Inc., hereby remove the above action now pending in the Court of Common Pleas of Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania and further request this action then be transferred to the United States District Court for the Middle District of Pennsylvania.

Respectfully Submitted,

**WEBER GALLAGHER SIMPSON STAPLETON, FIRES & NEWBY, LLP**

By: Matthew G. Laver

Robert D. MacMahon, Esquire
Matthew G. Laver, Esquire
2000 Market Street, 13th Floor
Philadelphia, PA 19103
(215) 972-7900
Fax: (215) 564-7699
rmacmahon@wglaw.com
mlaver@wglaw.com
*Attorneys for Defendants*
*Sam Elliott, Leonard's Express, Inc. and*
*Leonard's Transportation, Inc.*

Dated: March 7, 2017

## CERTIFICATE OF SERVICE

I, Matthew G. Laver, Esquire, do hereby certify that on the date indicated below, I served via electronic mail, a true and correct copy of the within Notice of Removal on the following counsel of record:

Joseph S. Lukomski, Esquire
Rovner, Allen, Rovner, Zimmerman and Nash
175 Bustleton Pike
Feasterville, PA 19053
*Attorney for Plaintiff*

Penske Truck Leasing Co., L.P.
4000 Cline Avenue
East Chicago, IN 46312

Penske Truck Leasing Corporation
4000 Cline Avenue
East Chicago, IN 46312

Matthew G. Laver, Esquire

Date: March 7, 2017

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

JANUARY 2017   004722

E-Filing Number: 1702004779

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DONALD P. MCCASKEY | SAM ELIOTT |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 461 EAST APACHE TRAIL<br>APACHE JUNCTION AZ 85120 | 2718 NORTH WEST STREET<br>WILMINGTON DE 19802 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | LEONARD'S EXPRESS,   INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 6070 COLLETT ROAD<br>FARMINGTON NY 14425 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | LEONARD'S TRANSPORTATION, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 6070 COLLETT ROAD<br>FARMINGTON NY 14425 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 5 | ☒ Complaint<br>☐ Writ of Summons | ☐ Petition Action<br>☒ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☒ Savings Action<br>☐ Petition | ☒ Commerce<br>☒ Minor Court Appeal<br>☒ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2V - MOTOR VEHICLE ACCIDENT |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>FEB 02 2017<br>M. BRYANT | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES      NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DONALD P MCCASKEY

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JOSEPH S. LUKOMSKI | 175 BUSTLETON PIKE<br>FEASTERVILLE PA 19053-6456 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)953-2712 | (215)355-0940 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 28532 | lukomskij@dial-law.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JOSEPH LUKOMSKI | Thursday, February 02, 2017, 04:26 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. SAM ELIOTT
   2718 NORTH WEST STREET
   WILMINGTON DE 19802
2. LEONARD'S EXPRESS, INC.
   6070 COLLETT ROAD
   FARMINGTON NY 14425
3. LEONARD'S TRANSPORTATION, INC.
   6070 COLLETT ROAD
   FARMINGTON NY 14425
4. PENSKE TRUCK LEASING CO., L.P.
   4000 CLINE AVENUE
   EAST CHICAGO IN 46312
5. PENSKE TRUCK LEASING CORPORATION
   4000 CLINE AVENUE
   EAST CHICAGO IN 46312

**ROVNER, ALLEN, ROVNER, ZIMMERMAN and NASH**
By: Joseph S. Lukomski, Esquire
Identification No. 28532
175 Bustleton Pike
Feasterville, PA 19053-6456
(215) 953-2712

**Attorneys for Plaintiff**

Assessment of Damages Hearing requested.
▨ Jury ▨ Non-Jury ▨ Arbitration

| | | |
|---|---|---|
| Donald P. McCaskey<br>461 East Apache Trail - #73<br>Apache Junction, AZ 85120 | <u>vs.</u> | Court of Common Pleas<br><br>Philadelphia County |
| Sam Elliott<br>2718 North West Street<br>Wilmington, DE 19802-3544 | <u>and</u> | |
| Leonard's Express, Inc.<br>6070 Collett Road - Building #1<br>Farmington, NY 14425-9531 | <u>and</u> | |
| Leonard's Transportation, Inc.<br>6070 Collett Road - Building #1<br>Farmington, NY 14425-9531 | <u>and</u> | |
| Penske Truck Leasing Co., L.P.<br>4000 Cline Avenue<br>East Chicago, IN 46312-2926 | <u>and</u> | |
| Penske Truck Leasing Corporation<br>4000 Cline Avenue<br>East Chicago, IN 46312-2926 | | |

**<u>Complaint Civil Action</u> (Negligence)**
**Motor Vehicle Accident**

"NOTICE"

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

"AVISO "

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 170104722

1.   Plaintiff, Donald P. McCaskey, is an adult individual residing at 461 East Apache Train, #73, Apache Junction, Arizona.

2.   Defendant, Sam Elliott, is an adult individual residing at 2718 North West Street, Wilmington, Delaware.

3.   Defendant, Leonard's Express, Inc., d/b/a Leonard's Transportation, Inc., d/b/a Leonard's Express, is a corporation, business, company, franchise or entity existing and/or qualifying under the laws of the State of New York, with a registered office for the acceptance of service or a principal place of business at 6070 Collett Road, Building #1, Farmington, New York, and which regularly conducts business in Philadelphia County, Pennsylvania.

4.   Defendant, Leonard's Express, Inc., regularly conducts business in Philadelphia County, Pennsylvania, including the following:   regularly providing freight transportation services and hauling cargo to and from Philadelphia; regularly providing refrigerated shipments of food and products to and from Philadelphia; regularly providing transportation services in the form of moving ocean containers to and from piers and facilities in Philadelphia; and, regularly advertising its transportation, shipping, refrigeration truckload, intermodal, ocean container, and warehousing services, in Philadelphia, Pennsylvania.

5.   Defendant, Leonard's Transportation, Inc., d/b/a Leonard's Express, Inc., d/b/a Leonard's Express, is a corporation, business, company, franchise or entity existing and/or qualifying under the laws of the State of New York, with a registered office for the acceptance of service or a principal place of business at 6070 Collett Road, Building #1, Farmington, New York, and which regularly conducts business in Philadelphia County, Pennsylvania.

6.   Defendant, Leonard's Transportation, Inc., regularly conducts business in Philadelphia County, Pennsylvania, including the following: regularly providing freight transportation services and hauling cargo to and from Philadelphia; regularly providing refrigerated shipments of food and

2

products to and from Philadelphia; regularly providing transportation services in the form of moving ocean containers to and from piers and facilities in Philadelphia; and, regularly advertising its transportation, shipping, refrigeration truckload, intermodal, ocean container, and warehousing services, in Philadelphia, Pennsylvania.

7. Defendant, Penske Truck Leasing Co., L.P., is a corporation, business, company, franchise or entity existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service in care of Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, Dauphin County, Pennsylvania, or a principal place of business at Route 10, Green Hills, Reading, Pennsylvania, and which regularly conducts business in Philadelphia County, Pennsylvania.

8. Defendant, Penske Truck Leasing Corporation, is a corporation, business, company, franchise or entity existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service in care of Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, Dauphin County, Pennsylvania, or a principal place of business at 2555 South Telegraph Road, Bloomfield Hills, Michigan, and which regularly conducts business in Philadelphia County, Pennsylvania.

9. At all times relevant and material to this Complaint, defendant, Sam Elliott, was an agent, servant, workman, employee and/or representative of defendants, Leonard's Express, Inc., Leonard's Transportation, Inc., Penske Truck Leasing Co., L.P. and/or Penske Truck Leasing Corporation, jointly and/or severally, and was acting within the course and scope of said employment and/or agency, and/or was acting for a common purpose or on a joint venture.

10. At all times relevant and material to this Complaint, defendants, Leonard's Express, Inc., Leonard's Transportation, Inc., Penske Truck Leasing Co., L.P. and/or Penske Truck Leasing Corporation, jointly and/or severally,

3

did act through said agents, servants, workmen, employees and/or representatives, said individuals acting within the course and scope of their employment and/or agency.

11. At all times material to this Complaint, each of the defendants was an agent, servant, workman and/or employee of the other and was acting within the course and scope of said employment and/or agency and/or was acting for a common purpose or on a joint venture.

12. On or about February 8, 2015, at or about 7:00 a.m., plaintiff, Donald P. McCaskey, was the owner and operator of his 2004 Sunseeker RV, which was towing his 2007 Pace Cargo Trailer and virtually all of his possessions, and traveling in a southbound direction on I-81, in Silver Spring Township, Cumberland County, Pennsylvania.

13. At the aforesaid time and place, defendant, Sam Elliott, was the operator of a Penske 2014 Freightliner (Indiana license plate #2202251) leased from and/or owned by defendants, Penske Truck Leasing Co. and/or Penske Truck Leasing Corporation, jointly and/or severally, and/or leased to or owned by defendants, Sam Elliott, Leonard's Express, Inc. and/ Leonard's Transportation, Inc., jointly and/or severally, and was traveling in a southbound direction on I-81 directly behind the RV and trailer owned and operated by plaintiff, Daniel P. McCaskey. The Penske Freightliner being operated by defendant, Sam Elliott, also had attached to it a full 2015 Wabash trailer owned by defendants, Leonard's Express, Inc. and/or Leonard's Transportation, Inc., bearing Maine tag #1944244.

14. At all times material hereto, defendant, Sam Elliott, was in the course and scope of his employment with defendants, Leonard's Express, Inc., Leonard's Transportation, Inc., Penske Truck Leasing Co., L.P. and/or Penske Truck Leasing Corporation, jointly and/or severally, and/or was otherwise acting as the agent of said defendants, jointly and/or severally.

4

Case ID: 170104722

15.   At the aforesaid time and place, defendant, Sam Elliott, was causing the aforesaid Freightliner with attached trailer he was operating to travel too closely to the RV and trailer operated by plaintiff, Daniel P. McCaskey, and suddenly and without warning, defendant, Sam Elliott, negligently caused his motor vehicle to strike the rear of plaintiff's trailer, causing both motor vehicles and trailers to travel off the highway and causing plaintiff's RV and trailer to overturn off the highway.

16.   The aforesaid accident caused serious physical injuries to plaintiff, Daniel P. McCaskey, totaled his RV and utility trailer, and resulted in significant destruction and damage to his personal property which was being transported in said RV and utility trailer inasmuch as the purpose of his trip was to relocate from New York to Arizona.

17. This accident resulted solely from the negligence and carelessness of defendants herein, jointly and/or severally, and was due in no manner whatsoever to any act or failing to act on the part of plaintiff, Donald P. McCaskey.

**COUNT I**

**Donald P. McCaskey vs. Sam Elliott**

18.   Plaintiff, Donald P. McCaskey, incorporates by reference thereto, paragraphs one through seventeen, inclusive, as though same were set forth herein at length.

19.   The negligence and carelessness of defendant, Sam Elliott, consisted of the following:

> (a)   failing to properly operate and control said tractor-trailer;
>
> (b)   driving at an excessive and unsafe rate of speed under the circumstances;
>
> (c)   failing to maintain a proper and adequate lookout;

5

Case ID: 170104722

(d) failing to give proper and sufficient
warning of the approach of said tractor-
trailer;

(e) violation of the Assured Clear Distance
rule;

(f) following too closely;

(g) attempting to make a lane change or turning
in an unsafe manner;

(h) disregarding the plaintiff's motor vehicle
which was properly in the lane ahead of
defendant's tractor-trailer;

(i) failing to follow and observe traffic
patterns and conditions;

(j) failing to yield right of way;

(k) failing to regard the rights, safety and
lawful position of plaintiff at the point
aforesaid;

(l) causing a vehicular collision;

(m) failing to properly and adequately maintain
said tractor-trailer;

(n) violations of the applicable local
Ordinances and the Statutes of the
Commonwealth of Pennsylvania governing the
operation of motor vehicles on the streets
and highways including but not limited to
the violation of the following Pennsylvania
Motor Vehicle Codes:
-75 Pa. C.S.A. 3310 (following too
closely);

6

Case ID: 170104722

-75 Pa. C.S.A. 3334 (turning movements and required signals);

-75 Pa. C.S.A. 3361 (driving vehicle at safe speed);

-75 Pa. C.S.A. 3714 (careless driving);

-75 Pa. C.S.A. 3736 (reckless driving);

-75 Pa. C.S.A. 3716 (accidents involving overturned vehicles);

-75 Pa. C.S.A. 4302 (periods for requiring lighted lamps);

(o)   negligence per se; and

(p)   such other acts of negligence as shall be revealed in the course of discovery.

## COUNT II

### Donald P. McCaskey vs. Leonard's Express, Inc., Leonard's Transportation, Inc., Penske Truck Leasing Co., L.P. and Penske Truck Leasing Corporation

20.  Plaintiff, Donald P. McCaskey, incorporates by reference thereto, paragraphs one through nineteen, inclusive, as though same were set forth herein at length.

21.  The negligence and carelessness of defendant, Leonard's Express, Inc., Leonard's Transportation, Inc., Penske Truck Leasing Co., L.P. and/or Penske Truck Leasing Corporation, jointly and/or severally, consisted of the following:

(a)   negligently   entrusting   the   aforesaid vehicle to defendant, Sam Elliott;

(b)   failing   to   properly   and   adequately supervise and/or train defendant agent, servant,   workman,   employee   and/or

7

Case ID: 170104722

representative, in particular, defendant, Sam Elliott;

(c) failing to properly investigate and determine that defendant, Sam Elliott was not properly licensed and/or qualified to operate the motor vehicle that he was operating at the time of the subject accident;

(d) failing to properly supervise defendant, Sam Elliott, and/or failing to provide and enforce guidelines and/or policies that would prevent defendant, Sam Elliott, from operating the subject motor vehicle when he was too fatigued and/or in a condition where he was unfit to safely do so;

(e) failing to act with due care and regard for the position and safety of others, in particular, the plaintiff;

(f) failing to properly supervise the operation and control of said motor vehicle that defendant, Sam Elliott, was operating at the time of the subject accident;

(g) failing to properly and adequately maintain said motor vehicle that defendant, Sam Elliott, was operating at the time of the subject accident;

(h) negligence per se; and

(i) such other acts of negligence as shall be revealed by discovery.

8

Case ID: 170104722

22.   Defendant, Sam Elliott's, negligence, as an agent, servant, workman, employee and/or representative of defendants, Leonard's Express, Inc., Leonard's Transportation, Inc., Penske Truck Leasing Co., L.P. and/or Penske Truck Leasing Corporation, jointly and/or severally, is imputed to said defendants and they are fully liable for the negligence and recklessness on the part of defendant, Sam Elliott.

### COUNT III

**Donald P. McCaskey vs. Sam Elliott, Leonard's Express, Inc.,
Leonard's Transportation, Inc., Penske Truck
Leasing Co., L.P. and Penske Truck Leasing Corporation**

23.   Plaintiff, Donald P. McCaskey, incorporates by reference thereto, paragraphs one through twenty-two, inclusive, as though same were set forth herein at length.

24.   As a result of this accident, plaintiff, Donald P. McCaskey, has suffered injuries which are or may be serious and permanent, inter alia, a closed head injury, left leg pain, left knee injury, low back pain radiating into the legs, injury to the lumbar discs, including foraminal disc extrusions at the L1-L2 and L2-L3 discs, contusions and abrasions, and various other ills and injuries.

25.   Plaintiff was bound by the full tort alternative at the time of the aforesaid action pursuant to 75 Pa. C.S.A. §1705(c), §1705(d)(1)(ii), and §1705(d)(3) and is entitled to bring this claim under said sections.

26.   Alternatively, the tort option of 75 Pa. C.S.A. §1705 is not applicable in this case.

27.   In any event, the injury sustained by plaintiff as set forth above is a serious injury which resulted in serious impairment of a bodily function.

28.   As a further result of this accident, plaintiff, Donald P. McCaskey, has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services as described in 75 Pa. C.S.A.

Case ID: 170104722

§1712 (1) for the injuries he has suffered and to incur various expenses for said treatment and services which are or may be in excess of $5,000.00 or the applicable medical benefit policy limits, said expenses not in excess of $100,000.00, pursuant to 75 Pa. C.S.A. §1711, §1715(1) and §1766.

29.   As a further result of this accident, plaintiff, Donald P. McCaskey, has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries he has suffered, and to incur various expenses for said treatment and services, and he may incur various reasonable and necessary future medical expenses from the injuries sustained, and defendants, jointly and/or severally, are liable for all of same.

30.   As a further result of this accident, plaintiff, Donald P. McCaskey, has or may suffer severe actual loss of his gross income as defined in Pa. C.S.A. §1712(2); said loss of income which has or may exceed $5,000.00 or the applicable income loss benefits policy limits, pursuant to 75 Pa. C.S.A. §1711 and §1715(2).

31.   As a further result of this accident, plaintiff, Donald P. McCaskey, has or may suffer a loss of earnings and a severe impairment of his earning capacity and power.

32.   As a direct and reasonable result of the aforementioned accident, plaintiff, Donald P. McCaskey, has or may hereafter incur other financial expenses or losses which have or may exceed amounts which he may otherwise be entitled to recover pursuant to the Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. §1701, et seq.

33.   As a further result of the accident aforementioned, plaintiff, Donald P. McCaskey, has suffered severe physical pain, aches, mental anguish, humiliation, and inconveniences and loss of life's pleasures and may continue to suffer the same  for  an  indefinite time in the future.

10

Case ID: 170104722

34.   As the direct result of this accident, plaintiff, Donald P. McCaskey, has been unable to attend to his daily chores, duties and occupations and may be unable to do so for an indefinite period of time in the future.

**WHEREFORE**, plaintiff, Donald P. McCaskey, demands damages of defendants, Sam Elliott, Leonard's Express, Inc., Leonard's Transportation, Inc., Penske Truck Leasing Co., L.P. and/or Penske Truck Leasing Corporation, jointly and/or severally, in a sum in excess of $50,000.00, plus interest, costs and attorneys fees.

### COUNT IV

#### Donald P. McCaskey vs. Sam Elliott, Leonard's Express, Inc., Leonard's Transportation, Inc., Penske Truck Leasing Co., L.P. and Penske Truck Leasing Corporation

35.   Plaintiff, Donald P. McCaskey, incorporates by reference thereto, paragraphs one through thirty-four, inclusive, as though same were set forth herein at length.

36.   As the direct result of the aforesaid accident, the 2004 Sunseeker RV motor vehicle and 2007 Pace Cargo utility trailer] owned and operated by plaintiff were totaled causing plaintiff to suffer damages as a result.

**WHEREFORE**, plaintiff, Donald P. McCaskey, demands damages of defendants, Sam Elliott, Leonard's Express, Inc., Leonard's Transportation, Inc., Penske Truck Leasing Co., L.P. and/or Penske Truck Leasing Corporation, jointly and/or severally, in a sum in excess of $50,000.00, plus interest, costs and attorneys fees.

### COUNT V

#### Donald P. McCaskey vs. Sam Elliott, Leonard's Express, Inc., Leonard's Transportation, Inc., Penske Truck Leasing Co., L.P. and Penske Truck Leasing Corporation

37.   Plaintiff, Donald P. McCaskey, incorporates by reference thereto, paragraphs one through thirty-six, inclusive, as though same were set forth herein at length.

11

Case ID: 170104722

38.  As the direct result of the aforesaid accident, numerous items of plaintiff's personal property which were contained in the Sunseeker RV and utility trailer were destroyed, damaged, or otherwise could not be salvaged and transported by plaintiff on the remainder of his trip to Arizona, once he was able to rent a vehicle and continue to his destination.  Those items of personal property for which the plaintiff seeks damages from the defendants include the following:

> New Tempur-Pedic queen sized deep foam mattress
> Electronic piano tuner and tuning wrench
> Verizon flip phone with spare battery and case
> Extensive collection of approximately 6,000 DVDs
> Barcalounger reclining and swivel chair
> Fifteen (15) folding tables
> IPad 'Air' tablet
> New Hewlett Packard computer
> New ASUS computer
> Pancake air compressor
> 200 AMP better charger
> Two (2) rechargeable Wahl shavers
> Two (20  pair of prescription glasses
> Thompson Chain Reference Bible [which plaintiff had for forty years]
> New Thompson Bible
> Two (2) wind-up chiming clocks
> Bose AM/FM remote speakers
> Two (2) large plastic cases containing sealed bottles of vitamin/mineral supplements
> Many specialized tools for truck and motor vehicle repair in tool boxes
> New VCR recorder
> New stop motion property surveillance and protection system with four (4) cameras
> YAESU 101 B-Ham radio transceiver set up for worldwide transceiving
> Drake 2000 watt wattmeter and SWR bridge
> Four (4) Michelin 750x16 tubeless tires
> Approximately twelve (12) Olympus #7200 digital recorders containing irreplaceable information
> Two (2) Bird RF wattmeters
> New stainless steel water distillation system
> Various pieces of tape duplication equipment to be used in ministry work
> New 3500 watt electrical generator
> 100 feet of nylon tow rope with extricating chains

12

Three (3) video cameras with accessaries
Other personal property

**WHEREFORE**, plaintiff, Donald P. McCaskey, demands damages of defendants, Sam Elliott, Leonard's Express, Inc., Leonard's Transportation, Inc., Penske Truck Leasing Co., L.P. and/or Penske Truck Leasing Corporation, jointly and/or severally, in a sum in excess of $50,000.00, plus interest, costs and attorneys fees.

### COUNT VI

**Donald P. McCaskey vs. Sam Elliott, Leonard's Express, Inc., Leonard's Transportation, Inc., Penske Truck Leasing Co., L.P. and Penske Truck Leasing Corporation**

39. Plaintiff, Donald P. McCaskey, incorporates by reference thereto, paragraphs one through thirty-eight, inclusive, as though same were set forth herein at length.

40. As the direct result of the aforesaid accident, plaintiff has been without the use of said 2004 Sunseeker RV motor vehicle 2007 Pace utility trailer resulting in the need for a rental vehicle in order to continue on his relocation trip to Arizona and to have a means of transportation thereafter.

**WHEREFORE**, plaintiff, Donald P. McCaskey, demands damages of defendants, Sam Elliott, Leonard's Express, Inc., Leonard's Transportation, Inc., Penske Truck Leasing Co., L.P. and/or Penske Truck Leasing Corporation, jointly and/or severally, in a sum in excess of $50,000.00, plus interest, costs and attorneys fees.

ROVNER, ALLEN, ROVNER, ZIMMERMAN and NASH

By _Joseph S. Lukomski_
Joseph S. Lukomski
Attorneys for Plaintiff

13

Case ID: 170104722

## **VERIFICATION**

The undersigned is the attorney for plaintiff and authorized to make this Verification on behalf of said plaintiff; the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief; any false statements herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.


Date:  2/2/2017

Joseph S. Lukomski
Attorney for Plaintiff


**Rovner, Allen, Rovner, Zimmerman and Nash**

Case ID: 170104722

RECEIVED

2017 FEB 10   AM 8: 24

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101